

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SETH THOMSON                                                                                    PLAINTIFF

VS.                                                        CIVIL ACTION NO. 3:14-cv-458 HTW-LRA

THE VICK GROUP, INC. D/B/A
"1311 BAR AND GRILL"
and ALEXANDER VICKERS                                                                    DEFENDANTS

## ORDER

The Court has before it a Motion to Dismiss [docket no. 14] filed by the Defendants The Vick Group, d/b/a/ 1311 Bar and Grill and Alexander Vickers. The Plaintiff, Seth Thomson, filed this suit against the Defendants for violation of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq.,[1] and for quantum meruit and other state law relief.

The Complaint [docket no.1] in this action was filed by the Plaintiff, Seth Thomson, on June 10, 2014. Plaintiff invokes the federal question jurisdiction of this court pursuant to 28 U.S.C.A. § 1331[2]. Plaintiff also asserts a quantum meruit claim[3] under state law. The Defendant does not specify the procedural standard under which this motion to dismiss is brought [docket

---

[1] 29 U.S.C.A. § 201 et seq. is the codification of the Fair Labor Standards Act of 1938.
[2] 28 U.S.C.A. §1331 Federal question
  The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.
[3] The Mississippi Court of Appeals has defined quantum meruit as "a contract remedy which may be premised either on [an] express or implied contract." *In re Wilhite*, 121 So.3d 301,305 (Miss.Ct.App. 2013). The four essential elements to recover under a quantum meruit claim are: 1) valuable services were rendered or materials furnished; 2) for the person sought to be charged; 3) which were accepted and used by the person sought to be charged, and 4) under such circumstances as reasonably notified person sought to be charged that plaintiff expected be paid. *Williams v. Ellis*, 176 So.3d 133,140 (Miss.Ct.App. 2015).

no. 14], so this Court will construe the motion as one brought under Fed.R.Civ.P. 12(b)(6),[4] for failure to state a claim upon which relief can be granted.

The Plaintiff's Complaint alleges that the defendants recruited him to come to Vicksburg, Mississippi, to help turn business around for the 1311 Bar & Grill. Plaintiff says he agreed to postpone taking a salary, but claims he was promised by Alexander Vickers that once Vickers received some funds he was expecting from settlement of a lawsuit, Plaintiff's pay would be made retroactive to his beginning work date. Thomson also states he was promised 20% ownership of the business.

Plaintiff moved from Florida and began working in Vicksburg, Mississippi, on July 15, 2013. Plaintiff claims he worked ninety (90) hours per week for twenty weeks without any compensations and finally stopped working on December 1, 2013. Plaintiff is seeking back pay plus an equal amount in liquidated damages; prejudgment interest; costs and reasonable legal fees. He seeks quantum meruit pay for the value of his services. The Defendants, The Vick Group, Inc., doing business as 1311 Bar and Grill and Alexander Vickers, filed their response in opposition and a Counterclaim against the Plaintiff.

## FAIR LABOR STANDARDS ACT

In enacting the Fair Labor Standards Act, Congress acknowledged that labor conditions detrimental to the maintenance of the minimum standard of living necessary to the well-being of workers burdens the free flow of interstate commerce. 29 U.S.C.A. § 202.[5] Among the

---

[4] Rule 12(b) of the Federal Rules of Civil Procedure provides in pertinent part:
(b) How to Present Defenses, Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required, But a party may assert the following defenses by motion:
…
(6) failure to state a claim upon which relief can be granted…

[5] 29 U.S.C.A.§ 202 states:
   (a) The Congress finds that the existence , in industries engaged in commerce or in the production of goods for commerce, o labor conditions detrimental to the maintenance of the minimum standard

provisions of FLSA are laws governing the minimum wage,[6] and overtime compensation laws.[7] The Act is administered by the Wage and Hour Division of the United States Department of Labor.[8]

The Plaintiff argues that he was an 'employee' as defined by the FLSA. Title 29 U.S.C.A. § 203(e)(1) defines employee, with the exception of certain public employment and agricultural work, as any individual employed by an employer.[9] The Complaint states that The Vick Group, Inc. is an employer as defined by the FLSA and that Alexander Vickers, as an officer, director and/or manager of the Vick Group, Inc. is an employer under FLSA. Employer is defined in 29 U.S.C.A.S. § 203(d) as any person acting directly or indirectly in the interest of an employer in relation to an employee, with the exception of labor organizations.[10]

### STANDARD OF REVIEW FOR A 12(B)(6) MOTION TO DISMISS

For purposes of a motion to dismiss, the court must accept as true all of the well-pled allegations contained in the complaint and view them in the light most favorable to the plaintiff. See *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996)(citing *McCartney v. First City Bank*, 970

---

of living necessary for health, efficiency, and general well-being of workers (1) causes commerce and the channels and instrumentalities of commerce to be used to spread and perpetuate such labor conditions among the workers of the several States; (2) burdens commerce and the free flow of goods in commerce; (3) constitutes an unfair method of competition in commerce method of competition in commerce; (4) leads to labor disputes burdening and obstructing commerce and the free flow of goods in commerce; and (5) interferes with the orderly and fair marketing of goods in commerce. That Congress further finds that the employment of persons in domestic service in households affects commerce.
(b) I t is declared to be the policy of this chapter, through the exercise by Congress of its power to regulate commerce among the several States and with foreign nations, to correct and as rapidly as practicable to eliminate the conditions above referred to in such industries without substantially curtailing employment or earning power.

[6] 29 U.S.C.A. § 206
[7] 29 U.S.C.A. § 207
[8] 29 U.S.C.A. § 204
[9] 29 U.S.C.A. § 203 (e)(1) Except as provided in paragraphs (2), (3), and (4), the term "employee' means any individual employed by an employer.
[10] 29 U.S.C.A. §203(d) states:
(d) "Employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization.

F.2d 45, 47 (5th Cir.1992)). Only a complaint that states a plausible claim for relief will survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See also, Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

## ANALYSIS

### Defendant Alexander Vick

Defendant Alexander Vick argues that he is not a proper defendant here since he is only a shareholder of the 1311 Bar and Grill and not personally liable for the acts or debts of 1311 Bar and Grill. Vick asserts that he was not Plaintiff's employer, but that Plaintiff is employed by 1311 Bar and Grill.

Plaintiff, however, does not allege that Vickers is liable because he is a shareholder of the company. Thomson alleges that Defendant Alexander Vickers, as an officer, director and manager, was personally involved in the management of the Bar and Grill and in supervising Thomson's activities. In *Reich v. Circle Investments, Inc.* 998 F.2d 324 (5th Cir. 1993), the Secretary of Labor sought to enjoin Circle C Investments Inc. and an individual "consultant" from violating minimum wage, overtime and other provisions of the FLSA relative to topless dancers, bartenders, waitresses and others who worked in their nightclubs. In that case the Fifth Circuit stated "[t]he FLSA's definition of employer must be liberally construed to effectuate Congress' remedial intent. *Donovan v. Sabine Irrigation*, 695 F.2d 190, 194 (5th Cir. 1983) (where a corporate officer has been found to have acted" directly or indirectly in the interest of an employer in relation to an employee", 29 U.S.C.A. §203(d), he may be enjoined along with the corporate employer) (citing *Donovan v. Hamm's Drive Inn*, 661 F.2d 316 (5th Cir. 1981).

The Court went on to say that the FLSA's definition of employer is broad enough to include a non-owner of the corporation who effectively dominates its administration or otherwise

4

acts, or has the power to act, on behalf of the corporation regarding its employees. *Sabine Irrigation,* at 194-95; *see also Donovan v. Grim Hotel Co.*, 747 F.2d 966,972 (5th Cir. 1984) (observing that an individual qualifies as an employer if he "independently exercised control over the work situation") *cert. denied,* 471 U.S. 1124 (1985). In *Reich*, the Court stated, "[b]ased upon our review of the record, we cannot say that the district court committed error in its determination that Charles Cranford was an employer within the meaning of the FLSA. *Reich* at 329. This Court, too, cannot say at this point, as a matter of law, that Alexander Vick was not an employer within the meaning of the FLSA.

### The Vick Group d/b/a/ 1311 Bar & Grill

The Vick Group, Inc., argues that this case should be dismissed against it for failure to state a claim under FLSA. They argue that the Vick Group is not an enterprise engaged in commerce under 29 U.S.C.A. §203(s)(1)(A)(ii)[11] because its annual sales volume did not exceed $500,000.

According to Plaintiff, his claim is not contingent on his employer qualifying as an employer engaged in an enterprise in commerce. Employment may be covered under the Act pursuant to either "individual" or "enterprise" coverage. *Tony and Susan Alamo Foundation v. Secretary of Labor,* 471 U.S. 290 n.8 (1985). Prior to the introduction of enterprise coverage in 1961, the only individuals covered under the Act were those engaged directly in interstate commerce, or in the production of goods for interstate commerce. The addition of the covered enterprise provision does not narrow the scope of employees who are covered by the FLSA;

---

[11] 29 U.S.C.A. §203 (s)(1)(A)(ii) provides:
(s)(1) "Enterprise engaged in commerce or in the production of goods for commerce" means an enterprise that—
(A)(1)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in ore produced for commerce by and person ; and
 (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated.).

5

rather it substantially broadens the scope of the Act to include any employee of an enterprise engaged in interstate commerce, as defined by the Act.

Plaintiff claims he has alleged sufficient facts to show that as manager of the bar, he engages in qualifying activities, such as processing out of state credit card transactions, ordering food and spirits that are manufactured outside the state, speaking by telephone with the out-of-state owner, and other activities. Plaintiff, Seth Thomson concludes that he is an employee covered by the FLSA because he is engaged in interstate commerce or the production of goods for interstate commerce.

## CONCLUSION

The Court finds by the foregoing observations that the Plaintiff's Complaint states a claim for relief and, thus, this court must deny Defendant's Motion to Dismiss **[docket no.14]**. The parties are directed to contact the assigned Magistrate Judge for a schedule of future proceedings.

SO ORDERED, this the 9th day of October NTW ~~September~~, 2016.

_Henry T. Wingate_
UNITED STATES DISTRICT COURT JUDGE